IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2157-D

STEPHEN URRUTIA,                        )
                                        )
                Petitioner,             )
                                        )
        v.                              )                    **ORDER**
                                        )
WARDEN DAVID RICH,                      )
                                        )
                Respondent.             )

Stephen Urrutia ("Urrutia" or "petitioner"), a federal inmate proceeding pro se, seeks a writ

of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. On October 10, 2025, the court reviewed the

petition under 28 U.S.C. § 2243 and allowed the action to proceed [D.E. 7].

On November 24, 2025, respondent moved to dismiss the petition for lack of jurisdiction

[D.E. 12] and filed a memorandum in support [D.E. 13]. The court notified Urrutia about the

motion, the consequences of failing to respond, and the response deadline [D.E. 14]. See Roseboro

v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). Despite seeking and receiving an

extension of time to file a response [D.E. 15, 16], Urrutia failed to respond, and the time within

which to do so has expired. As explained below, the court grants respondent's motion to dismiss.

I.

Urrutia is serving a 120-month sentence for violating 21 U.S.C. §§ 841 and 846. See

Judgment, United States v. Belmares, No. 5:19-CR-410-FB-3 (W.D. Tex. Sept. 18, 2020), [D.E.

147]. Urrutia's present release date is February 15, 2028. See BOP Inmate Locator,

https://www.bop.gov/inmateloc/ (search by inmate number "32119-480") (last visited Mar. 2, 2026).

Urrutia argues that the Federal Bureau of Prisons expelled him from the Residential Drug Treatment Program ("RDAP") at F.C.I. Butner without due process, resulting in his loss of early release eligibility under 18 U.S.C. § 3621(e). See [D.E. 1] at 9–11. Urrutia contends that, while participating in the RDAP, he was provided a release date of January 5, 2027. See id. at 9. But on March 18, 2025, the BOP expelled him from the RDAP because of prison disciplinary charges of Prohibited Act Code 113 "Possessing Drugs/Alcohol" in incident report number 4085885. See id.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted); see Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 453 (4th Cir. 2012). A federal court "must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005) (citation omitted). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co., 523 U.S. at 104. When reviewing a motion to dismiss for lack of subject-matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. See Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

"A prisoner has no constitutional right to participate in RDAP and similarly, a prisoner has no liberty interest in discretionary early release for completion of RDAP." Standifer v. Ledezma, 653 F.3d 1276, 1280 (10th Cir. 2011) (cleaned up); see United States v. Smith, No. 23-5519, 2024

2

WL 1007115, at *7 (6th Cir. Mar. 8, 2024) (unpublished); Dababneh v. Warden Loretto FCI, 792 F. App'x 149, 151 (3d Cir. 2019) (per curiam) (unpublished); Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011); cf. Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Moreover, the statute governing RDAP "grants virtually unfettered discretion to the BOP," and therefore "it was within the BOP's discretion to remove [petitioner] from RDAP—and even if he had not been removed, his access to a sentence reduction would still have been left to the discretion of the BOP." Blair v. Leu, No. 2:22-CV-278, 2023 WL 3831816, at *3 (E.D. Va. May 1, 2023) (unpublished), report and recommendation adopted, 2023 WL 3821161 (E.D. Va. June 5, 2023) (unpublished); see Smith, 2024 WL 1007115, at *7; Dababneh, 792 F. App'x at 152.

Urrutia fails to demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Thus, the court grants respondent's motion to dismiss.

The court finds that reasonable jurists would not find the court's treatment of Urrutia's petition debatable or wrong, and that the petition does not deserve encouragement to proceed any further. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## II.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 12], DISMISSES the petition for a writ of habeas corpus [D.E. 1], and DENIES a certificate of appealability. The clerk shall close the case.

3

SO ORDERED. This 1 day of March, 2026.

James C. Dever

JAMES C. DEVER III
United States District Judge

4